1  John T. DeCarlo (SBN 70607)
   jdecarlo@deconsel.com
2  Daniel M. Shanley (SBN 169182)
   dshanley@deconsel.com
3  Patrick A. Maher (SBN 246360)
   pmaher@deconsel.com
4  DeCARLO & SHANLEY
   A Professional Corporation
5  533 South Fremont Avenue, Ninth Floor
   Los Angeles, California 90071-1706
6  Telephone:  (213) 488-4100
   Facsimile:   (213) 488-4180
7
   Attorneys for Third-Party Defendant
8  DeCarlo & Shanley, A Professional Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL McCARRON, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIM. | Case No. 2:14-CV-02762 JVS (JCx)<br><br>**SWRCC'S RESPONSE TO OBJECTIONS**<br><br>Honorable James V. Selna<br><br><br><br>Pretrial Conf.:   Not Set<br>Trial Date:        Not Set |

On November 26, 2018, Plaintiff/Counterclaim Defendant Southwest Regional Council of Carpenters ("SWRCC") and Third-Party Defendant DeCarlo & Shanley, A Professional Corporation ("D&S") lodged a proposed judgment with the Court. ECF No. 505. On November 28, 2018, the Court entered a modified judgment. ECF No. 506. On November 30, 2018, Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Michael McCarron filed objections to the proposed judgment. ECF No. 507. On December 19, 2018, the Court withdrew the judgment, as it did not wait seven days from the lodging of the proposed judgment and ordered the SWRCC to respond to McCarron's objections. ECF No. 508.

First, McCarron objects that the judgment "incorrectly states that judgment as to 'liability'" is in favor of the SWRCC." ECF No. 508 at 2. McCarron is wrong. The Court concluded that McCarron had breached his fiduciary duties owed to the SWRCC with respect to his payment of over $5.3 million. ECF No. 191 at 14–16. The Court further concluded that he had breached his fiduciary duties owed to the SWRCC by not presenting the bill for the construction of a garage to the SWRCC's trustees. *Id.* at 16–17. The Court explicitly found as to the garage that the SWRCC had won on "liability." *Id.* at 17.

The Court of Appeals' decision did nothing to change the findings. "The district court properly granted summary judgment as to liability on SWRCC's claim of breach of fiduciary duty under LMRDA § 501(a) because McCarron violated SWRCC's bylaws, and thus breached his fiduciary duties as a union officer as a matter of law, by making payments to the [SWTF] without first referring SWTF's rental overpayment bills to SWRCC trustees for review." ECF No. 494 at 2 (citations omitted). McCarron did not appeal his liability on the garage issue. *See generally* ECF No. 494.

Accordingly, McCarron has ignored the Court of Appeals' clear ruling that the SWRCC succeed as to liability from McCarron's breach of his fiduciary duty. His objection must be overruled.

Second, McCarron claims that the judgment "*must state* that there were *no*

*damages* against McCarron and that SWRCC takes nothing by way of the complaint against McCarron." ECF No. 507 at 2. McCarron fails to provide any authority for this assertion. The responsibility for preparing a judgment belongs to the clerk or with the Court's approval. Fed. R. Civ. P. 58(b)(1) & (2). Here, the Court asked the SWRCC and D&S to prepare the judgment, and the Court modified it as it saw fit. There is no requirement that McCarron's proposed language "must" be there. McCarron's objection must be overruled.

Third, McCarron wrongly claims, "Damages are a necessary element of a LMRDA claim, [sic] LMRDA does not appear to have any basis to result in a judgment only determining a union officer has breached his or her duty without resulting damage." ECF No. 507 at 2. McCarron again ignores the Court of Appeals' clear ruling that the SWRCC defeated him on liability. The tort of violation of fiduciary duty simply requires, "One standing in a fiduciary relation with another is subject to liability to the other for harm resulting from a breach of duty imposed by the relation." Restat. 2d of Torts § 874. "'Expenditures by union officers that violate the union's constitutions represent the classic case of breach of fiduciary duty under section 501 [of the LMRDA].'" ECF No. 191, quoting *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1046 (9th Cir. 2013).

McCarron provides no authority to support his claim. The opposite is the truth. Violations of section 501(a) of the LMRDA (29 U.S.C. § 501(a)) do not require damages. *See, e.g.*, *Carpenters Local Union 721 v. Griggs*, No. 17-4460 DSF (MRWx), 2018 U.S. Dist. LEXIS 190004 (C.D. Cal. Nov. 5, 2018) & 2018 U.S. Dist. LEXIS 115402 (C.D. Cal. May 3, 2018) (requiring former union officer to return property for violating Section 501(a)); *Carpenters Local 721 v. Limon*, No. 17-4426 DSF (MRWx), 2018 U.S. Dist. LEXIS 132900 (C.D. Cal. Aug. 7, 2018) (requiring former union officer to return property for violating Section 501(a)); *Haw. Reg'l Council of Carpenters v. Yoshimura*, 237 F. Supp. 3d 1029 (D. Haw. 2017) (former officer violated Section 501(a) by secretly recording meetings and keeping union property). Thus, McCarron's objection must be

overruled.

Fourth, McCarron objects that the SWRCC's complaint did not seek declaratory relief. ECF No. 507 at 2; *see also id.* at 17. The complaint clearly asks for "Such other and further relief as may be warranted and deemed proper by the Court." ECF No. 1 at 26. A catch-all request can provide sufficient notice for relief not specifically requested in a complaint. *Sheet Metal Workers Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 201 F.3d 231, 249 (3d Cir. 1999). Here, the SWRCC asked for and received a ruling that McCarron violated his fiduciary duties, a ruling confirmed by the Court of Appeals. McCarron provides no authority to support himself. McCarron's objection must be overruled.

Fifth, McCarron claims that "McCarron is the prevailing party against SWRCC, who obtained no affirmative relief against McCarron." ECF No. 507 at 2. McCarron is incorrect. As the Court of Appeals stated, "The district court properly granted summary judgment as to liability on SWRCC's claim of breach of fiduciary duty under LMRDA § 501(a) because McCarron violated SWRCC's bylaws, and thus breached his fiduciary duties as a union officer as a matter of law, by making payments to the [SWTF] without first referring SWTF's rental overpayment bills to SWRCC trustees for review." ECF No. 494 at 2 (citations omitted). The SWRCC won a finding that McCarron violated his fiduciary duties as a matter of law with respect to the payments to the SWTF and for building the garage.

Additionally, the Court of Appeals affirmed the entry of summary judgment in favor of the SWRCC on McCarron's counterclaims. *Id.* at 9.

To be a prevailing party, one need not have complete success. *See, e.g.*, *Firefighters' Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000). A party need not prevail on every issue—or even the central issue—to be considered a prevailing party. *Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997). Where neither party can properly be termed a "prevailing party," the appropriate course of action is to require each party to bear its own costs. *Ruiz v. A.B.*

*Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000).

  The Court here considered this to be a situation where neither party can properly be termed a prevailing party. The SWRCC and D&S put prevailing-party language in their proposed judgment. ECF No. 505-1 at 1. The Court removed it from the now-withdrawn judgment. ECF No. 506. The Court did not consider McCarron to be a prevailing party, and McCarron provides no reason for the Court to change its mind. McCarron's request for the Court to name him prevailing party should be denied in light of his liability, his proven breaches of his fiduciary duties, his failed counterclaims against the SWRCC, and his failed third-party claims against both D&S and the SWTF.

  The Court should reenter its withdrawn judgment (ECF No. 506) forthwith.

DATED: December 24, 2018

DeCARLO & SHANLEY
A Professional Corporation

By: */s/ Patrick A. Maher*
Patrick A. Maher
Attorneys for Third-Party Defendant DeCarlo & Shanley, A Professional Corporation

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2018, I electronically filed the document described as:

NOTICE OF LODGING OF PROPOSED JUDGMENT

and this certificate of service using the CM/ECF System and served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

MICHAEL McCARRON
22510 Needles Street,
Chatsworth, CA 91311
E-mail: mikemccarron2015@gmail.com

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

[ ]   (BY FACSIMILE) at approximately_____

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 24, 2018, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　*/s/ Patrick A. Maher*
　　　　　　　　　　　　　　　　　　　Patrick A. Maher

CERTIFICATE OF SERVICE