Michael McCarron, in pro per
22510 Needles Street
Chatsworth, California 91311
Telephone (818) 540-8801

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, et al.<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MCCARRON, et al.,<br><br>Defendants | Case No. No. CV 14-02762 JVS (JCx)<br><br>**DEFENDANT AND CROSS-CLAIMANT MICHAEL MCCARRON'S OBJECTIONS TO COST BILL**<br><br>**The Honorable James V. Selna**<br><br>**Court Room: 10C** |

FILED 2019 JAN 31 AM 9:03

Defendant and Cross-Claimant Michael McCarron ("McCarron") hereby submits the following objections to the Bill of Costs ("BOC") filed by Plaintiff/Defendant Southwest Regional Council of Carpenters ("SWRCC") and third party Defendant Decarlo & Shanley ("D&S") pursuant to LR 54-2.2 on the following grounds, each and all:

Objection 1:

The Bill of Costs is submitted by both SWRCC and D&S, yet the BOC makes no distinction or otherwise provides no explanation which costs were incurred by SWRCC and which costs were incurred by D&S. Given the differing status of the parties, clearly, each incurred different costs, yet they have sought to simply place all costs within the same document, making it impossible to determine which costs are legitimately applicable to which party. This alone should result in a complete denial of all costs.

Objection 2:

McCarron objects to all fees for delivering documents to the Federal Court or specific Judges as found on Pages 6-8, 20-41. LR 54-3.10 allows for the cost of **copies** for mandatory chambers copies, it does not permit recovery of the cost of messengering or otherwise delivering the copies to the Court. It should also be noted Pages 20-41 are rife with unrecoverable costs including "rush" fees, fuel surcharges, same day service fees, advance fees and surcharges therefor, "hot" delivery fees, "exclusive" delivery fees, and "Research on demand" fees. McCarron contends the entire $5,509.91 must be denied

Objection 3:

McCarron objects to "rush" fees found on pages 9 ($27.00), 10 ($54.00); 11 ($27.00); 12 ($27.00) and waiting time for service at $52.00 an hour which is patently unreasonable ($312.00) [see LR 54-3.6]; 13 ($27.00); 14 ($27.00) also $52.00/hour waiting time ($364) [see LR 54-3.6]; 15 ($54.00), 16 ($27.00); 18 ($26.00 "wait time

charge").

Objection 4:

This appears to be a Bank of America reimbursement for documents subpoenaed, but there is no explanation of what these documents are, whether they were reasonable or necessary or even used in the litigation, in violation of LR 54-3.10 (b)(g). The entire $1,230.00 sought must be denied.

Objection 5:

Pursuant to LR 54-3.5 McCarron objects to all of the deposition costs sought, at the outset, LR 54-3.5 states:

> The cost of videotaping or recording depositions is not taxable unless recording the deposition by video or audio means was ordered by the Court before taking the deposition. **Failure to provide itemized invoices breaking out the per-page cost of transcripts from other costs such as expediting, binding or shipping fees, will be sufficient grounds for not taxing the cost** (Emphasis added),

Therefore, McCarron objects to all of the following deposition costs sought, on the following grounds, each and all under LR 54-3.5;

1. Benjamin Rodriguez deposition (page 49): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Finance charges also included which are not permitted.

2. Michael Olds deposition (12/10/2014) (Page 50): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Finance charges also included which are not permitted; 4. Deposition charged expedited fee

3. Kathryn McCarron deposition (12/10/2014) (Page 51): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Finance charges also included which are not permitted; 4. Deposition is videotaped; 5. Deposition charged expedited fee.

4. Yasmin Aguilar deposition (page 52): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition is video taped; 3. Finance charges also included which are not permitted; 4. Deposition also charged expedite fee

5. Michelle McCarron deposition (Page 53): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Finance charges also included which are not permitted; 4. Deposition is video taped; 5. Deposition is expedited

6. Kathryn McCarron second deposition (Page 54): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Deposition is video taped; 4. Deposition is expedited.

7. Amy Gorton deposition (page 55): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition is video taped.

8. Michael McCarron deposition (Page 56): Objections–1. No itemized statement of per-page cost versus other costs; 2. Deposition includes synchronization; 3. Deposition is video taped; 4. Deposition is expedited

9. Certified copy of Gordon Huber deposition (Page 57-58): Objections–1. $355.47 "50% expedite" fee; 2. $500 fee for "synced dvd"

Therefore, pursuant to LR 54-3.5 the entire $19,995.47 sought for deposition costs must be denied.

DATED: January 30, 2019

BY: *(signature)*
Michael McCarron, Defendant in pro per

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA        )
COUNTY OF VENTURA          )

I reside in the County of Ventura, State of California. I am over the age of 18 years and not a party to this action; my address is 5575 Bromely Drive, Oak Park, California 91377

On January 30, 2019, I served the foregoing document described as MOTION Objection to Bill of Costs on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope in the United States mail at Oak Park, California, addressed as follows:

      DeCarlo & Shanley
      533 South Fremont Ave., 9th Floor
      Los Angeles, CA   90071

X   Via U.S. Mail: I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Oak Park, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed January 30, 2019 at Oak Park, California.

*Janet Proffer*
Janet Proffer

---
5
OBJECTION TO COST BILL